UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BBY SOLUTIONS, INC., BEST BUY STORES, L.P., BESTBUY.COM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KARRIE-LEE KARREMAN, ELSIE MADELEINE PITRE, STEWART FOTHERINGHAM, 2182273 ONTARIO, INC.,<br><br>Defendants. | Case No. 10-4726 (MJD/TNL)<br><br><br><br>REPORT & RECOMMENDATION |

Christopher K. Larus, Jamie R. Kurtz, and Kelly M. McLain, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for Plaintiffs.

Peter J. Gleekel, Bradley J. Walz, and Sofia A. Estrellado, **WINTHROP & WEINSTINE, PA**, 225 South 6th Street, Suite 3500, Minneapolis, MN 55402-4629, for Defendants.

**I.**

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiffs' Corrected Motion Under Rule 37(B)(2)(A)(Vi) for Entry of Default Judgment Against Defendants or In the Alternative Motion to Compel Discovery (Docket No. 38). This matter was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Docket No. 40. A hearing was held on the motion on March

1, 2012. Christopher K. Larus appeared on behalf of Plaintiff. Sofia A. Estrellado appeared on behalf of Defendant. While the motion was under advisement, the parties filed Stipulation for Entry of Amended Pretrial Scheduling Order (Docket No. 48). Because the parties' stipulation is relevant to Plaintiffs' motion, this Court will address the stipulation within the present report and recommendation.

For the reasons set forth below, it is **HEREBY RECOMMENDED** that: Plaintiffs' Corrected Motion Under Rule 37(B)(2)(A)(Vi) for Entry of Default Judgment Against Defendants or In the Alternative Motion to Compel Discovery (Docket No. 38) be **GRANTED IN PART** and **DENIED IN PART**; and Stipulation for Entry of Amended Pretrial Scheduling Order (Docket No. 48) be **GRANTED**.

## II.

On November 23, 2010, BBY Solutions, Inc., Best Buy Stores, L.P., and Bestbuy.com, LLC (collectively, "Plaintiffs") filed a Complaint against Karrie-Lee Karreman, Elise Madeleine Pitre, Stewart Fotheringham, and 2182273 Ontario, Inc. (collectively, "Defendants"). *See* Docket No. 1. Plaintiffs have alleged claims of trademark infringement, unfair competition, false advertising, trademark dilution, trademark counterfeiting, cybersquatting, deceptive trade practices, common trademark infringement, law unfair competition and "passing off," tortious interference, and unjust enrichment. These claims are based on Plaintiffs' claim that Defendants used Best Buy's trademarks and the promise of "free" gift cards to lure customers into providing sensitive personal information on websites operated by Defendants. *Id.*

On August 24, 2011, Plaintiffs served the Defendants with its First Set of Interrogatories and First Set of Requests for Production. *Decl. Kurtz*, at ¶ 5, Jan. 14, 2012. On September 15, 2011, Defendants requested a two week extension to respond to the discovery requests. *Id.* at ¶ 6. This request was granted. Thereafter, counsel for Plaintiffs contacted counsel for Defendants on October 18, 2011, October 25, 2011, and October 31, 2011, inquiring about the late responses. *Id.* at ¶¶ 7-9. On October 31, 2011, counsel for Plaintiffs was informed by counsel for Defendants that Defendants' Canadian counsel directed Defendants not to defend themselves in this action. *Id.* at ¶ 9. This statement was confirmed on November 4, 2011. *Id.* ¶ 10.

On November 4, 2011, Defendants' counsel filed Motion to Withdraw as Attorney of Record without Substitution. Docket No. 26. The motion to withdraw was denied without prejudice. Docket No. 42. On January 9, 2012, Defendants, without the aid of counsel, filed a motion to extend discovery deadlines. *See* Docket No. 30, *stricken per* Docket No. 42 (Order, at 5 (Jan 25. 2012)). The motion to extend deadlines was stricken. *Id.*

On January 14, 2012, Plaintiffs filed their Motion Under Rule 37(B)(2)(A)(Vi) for Entry of Default Judgment Against Defendants or In the Alternative Motion to Compel Discovery.[1] Docket No. 31. Plaintiffs renewed their motion on January 17, 2012. Docket No. 38. To date Defendants have not responded to Plaintiffs' discovery requests.

---

[1] On March 28, 2011, Plaintiffs' applied for and obtained Clerk's Entry of Default. *See* Docket Nos. 5-9. Based upon the parties' stipulation (Docket No. 18), the Clerk's Entry of Default was set aside by Order dated June 2, 2011. *See* Docket No. 19.

Defendant opposes the motion for entry of default, but do not oppose the alternative motion to compel.

At the hearing on the motion, Plaintiffs reported that since Defendants filed the motion, Plaintiffs have produced some responsive information. Plaintiffs argued, however, Defendants' production was still deficient.

On March 16, 2012, the parties filed Stipulation for Entry of Amended Pretrial Scheduling Order (Docket No. 48). In their stipulation, the parties note that "Defendants have not yet provided full and complete responses to Best Buy's written discovery," but "the parties agree that Best Buy should have some additional time to conduct follow-up fact discovery on Defendants." *Id.*

### III.

Plaintiffs move for an order entering default or, in the alternative, an order compelling Defendants to produce information responsive to Plaintiffs' discovery requests. The parties also both request an amendment to the pretrial scheduling order. For the reasons set forth below, this Court recommends Plaintiffs' request for entry of default be denied; Plaintiff's request for an order compelling Defendants to respond to Plaintiffs' discovery be granted; and the parties request for an amended pretrial scheduling order be granted.

**A.     Motion for Default**

Plaintiffs move under Fed. R. Civ. P. 37 for entry of default judgment as a sanction for Defendants' failure to respond to Plaintiffs' discovery requests. Plaintiffs'

request should be denied because, at this juncture, Rule 37 does not provide the relief that Plaintiffs seek. Rule 37 permits the sanction requested by Plaintiffs "[i]f a party . . . fails to obey an order to provide or permit discovery fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a) . . . ." Fed. R. Civ. P. 37(b)(2). Because there has been no prior order compelling Defendants to respond to Plaintiffs' discovery requests, Rule 37 does not permit entry of default as a sanction at this date.

Federal Rule of Civil Procedure 55 permits entry of default for failure to defend. Nevertheless, this Court does not find that the record supports that Defendants have failed to defend and that entry of default under Federal Rule of Civil Procedure 55 is unwarranted at this time. The delinquent production of information responsive to Plaintiffs' discovery requests is an inexcusable violation of the Federal Rules of Civil Procedure, but it *alone* does not evince that Defendants have abandoned *all* intent to litigate. While the communications from Defendants' local counsel suggests that Defendants did not intend to defend this action, Defendants' attempt to file a motion without the assistance of counsel and the filing of the Stipulation to Amend the Pretrial Scheduling Order do not support that Defendants have abandoned all intent to litigate.

Therefore, for all of these reasons, this Court recommends that Plaintiffs' request for an order entering default judgment be denied.

### B.     Motion to Compel

Federal Rule of Civil Procedure 33(b)(2) and 34(b)(2)(A) both require a response within 30 days after service. Federal Rule of Civil Procedure 37 permits a party to move

for an order compelling an answer, designation, production, or inspection if a party fails to answer or respond to discovery requests pursuant to Fed. R. Civ. P. 33 and 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Rule 37 also states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

Defendants raise no objection to the substance of the discovery requests.  Plaintiffs attempted in good faith to obtain responses to their discovery requests without court action.  *See* Docket No. 34-1.  Defendants make no argument to support an inability to respond in the time required by the Rules or the time negotiated with Plaintiffs' counsel.  Defendants only argue that an award of fees and costs would be unjust because the parties were engaged in ongoing settlement discussions, which delayed discovery, and Defendants' Canadian counsel told Defendants not to produce discovery responses.

This Court concludes that Plaintiffs' alternative request for an order compelling Defendants to respond Plaintiffs' discovery requests should be granted, and Plaintiffs should be awarded $2,500.00 in reasonable fees and expenses incurred in bringing the present motion.  The correspondence between counsel for the parties does not evince that settlement discussions caused any delay in Defendants' ability to respond to discovery. While advice and instructions from foreign counsel excuse Defendants' local counsel

from culpability,[2] it does not excuse Defendants. Defendants received two conflicting opinions and Defendants opted to follow the wrong opinion in this matter. Therefore, this Court recommends that Defendants should be ordered to pay $2,500.00. Given the procedural posture of this case, this Court also recommends that Defendants be warned that any future violations of any court order or applicable rule in this matter will result in an entry of default, and/or any other sanction, that the court deems just.

### C. Stipulation to Amend Pretrial Scheduling Order

The parties filed Stipulation to Amend Pretrial Scheduling Order, seeking to extend the deadlines in this matter. The parties contend that these amendments are necessary because Plaintiffs need to complete discovery and their prior attempts to complete discovery have been frustrated by Defendants. In light of the recommendation above, this Court concludes that good cause exists to amend the Pretrial Scheduling Order. This Court recommends that the parties' stipulation be granted, and the matter be referred back to the undersigned magistrate judge for determination of new deadlines and entry of an amended pretrial scheduling order consistent with the interests of securing a just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

### IV.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

---

[2] The record also does not support that Defendants' local counsel had any hand in Defendants dilatory tactics. *See* Docket Nos. 28-29. On the contrary, Defendants' local counsel comported themselves with utmost professionalism, as have Plaintiffs' counsel.

1. Plaintiffs' Corrected Motion Under Rule 37(B)(2)(A)(Vi) for Entry of Default Judgment Against Defendants or In the Alternative Motion to Compel Discovery (Docket No. 38) be **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiffs' request for entry of default be denied.

    b. Plaintiffs' request for an order compelling production be granted as follows:

        i. Within 14 days of the date of the Order on this Report and Recommendation, Defendants be ordered to provide complete, accurate, and nonprivileged information responsive to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production.

        ii. Within 14 days of the date of the Order on this Report and Recommendation, Defendants pay to Plaintiffs $2,500 as reasonable fees and expenses for bringing the present motion.

        iii. Defendants be warned that any future violation of any court order or applicable rule in this matter will result in an entry of default, and/or any other sanction, that the court deems appropriate.

2. Stipulation to Amend Pretrial Scheduling Order be **GRANTED**, and the matter be referred back to the undersigned magistrate judge for determination of appropriate deadlines and entry of an amended pretrial scheduling order consistent with the interests of securing a just, speedy, and inexpensive determination of this action.

Dated: March 26, 2012

                                      *s/ Tony N. Leung*
                                      Magistrate Judge Tony N. Leung
                                      United States District Court
                                      for the District of Minnesota
                                      CASE NO. 10-4726 (MJD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are

made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **April 10, 2012**.