**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BBY SOLUTIONS, INC., BEST BUY
STORES L.P., and BESTBUY.COM,

        Plaintiffs,

v.

KARRIE-LEE KARREMAN, ELISE
MADELEINE PITRE, STEWART
FOTHERINGHAM, and 2182773
ONTARIO, INC.,

        Defendants.

CIVIL NO. 10-4726 (MJD/TNL)

**REPORT
&
RECOMMENDATION**

---

## I.      INTRODUCTION

This matter is before the Court, Magistrate Judge Tony N. Leung, on Plaintiffs'

second Motion for Entry of Default Judgment.  (Docket No. 63.)  This action has been

referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636

and Local Rule 72.2(B).  (*See* Docket No. 68.)  The Court heard oral argument on

September 11, 2012.  Jamie R. Kurtz appeared on behalf of Plaintiffs.  Sofia A.

Estrellado appeared on behalf of Defendants.  For the reasons that follow, **IT IS**

**HEREBY RECOMMENDED** that Plaintiffs' Motion for Entry of Default Judgment be

**GRANTED**.

## II.      BACKGROUND

On November 23, 2010, BBY Solutions, Inc., Best Buy Stores, L.P., and

Bestbuy.com, LLC (collectively, "Plaintiffs") filed a Complaint against Karrie-Lee

Karreman, Elise Madeleine Pitre, Stewart Fotheringham, and 2182273 Ontario, Inc. (collectively, "Defendants"). (*See* Docket No. 1.) Plaintiffs have alleged claims of trademark infringement, unfair competition, false advertising, trademark dilution, trademark counterfeiting, cybersquatting, deceptive trade practices, common trademark infringement, unfair competition and "passing off," tortious interference, and unjust enrichment. These claims are based on Plaintiffs' claim that Defendants used Best Buy's trademarks and the promise of "free" gift cards to lure customers into providing sensitive personal information on websites operated by Defendants. (*Id.*)

On March 28, 2011, Plaintiffs applied for and obtained Clerk's Entry of Default. (*See* Docket Nos. 5-9.) Based upon the parties' stipulation, the Clerk's Entry of Default was set aside by Order dated June 2, 2011. (*See* Docket Nos. 18, 19.) On August 24, 2011, Plaintiffs served the Defendants with its First Set of Interrogatories and First Set of Requests for Production. (Docket No. 34, Kurtz Decl. ¶ 5.) On September 15, 2011, Defendants requested a two week extension to respond to the discovery requests. (*Id.* at ¶ 6.) This request was granted. Thereafter, counsel for Plaintiffs contacted counsel for Defendants on October 18, 2011, October 25, 2011, and October 31, 2011, inquiring about the late responses. (*Id.* at ¶¶ 7-9.) On October 31, 2011, counsel for Plaintiffs was informed by local counsel that Defendants would not be defending themselves in this action on advice from their Canadian counsel. (*Id.* at ¶ 9.) This statement was confirmed on November 4, 2011. (*Id.* at ¶ 10.)

On November 4, 2011, Defendants' counsel filed a Motion to Withdraw as Attorney of Record without Substitution (Docket No. 26), which this Court denied

without prejudice (Docket No. 42).  On January 9, 2012, Defendants, without the aid of

counsel, filed a motion to extend discovery deadlines, which was later stricken. (*See*

Docket No. 30, *stricken per* Docket No. 42.)

On January 17, 2012, Plaintiffs filed a Motion Under Rule 37(B)(2)(A)(vi) for

Entry of Default Judgment Against Defendants or In the Alternative Motion to Compel

Discovery.  (Docket Nos. 31, 38.)  In reviewing the files, this Court found that

Defendants' "delinquent production of information responsive to Plaintiffs' discovery

requests [was] an inexcusable violation of the Federal Rules of Civil Procedure," but

provided Defendants an opportunity to avoid a default judgment and to litigate this case

on its merits.  (*See* Docket No. 50 at 5.)  On this Court's recommendation, Chief District

Judge Michael J. Davis denied the Motion for Entry of Default Judgment, but warned that

"any future violation of any court order of applicable rule in this matter will result in an

entry of default, and/or any other sanction, that the court deems appropriate."  (Docket

No. 53 at 2-3; *see also* Docket No. 50 at 7.)  Chief Judge Davis also granted Plaintiffs'

Motion to Compel, directing Defendants to respond to Plaintiffs' interrogatories and

requests for production.  (Docket No. 53 at 2.)

Defendants supplemented their discovery responses on April 20, 2012.  (Docket

No. 66, Kurtz Decl. ¶ 2.)  They also represented to Plaintiffs and this Court a willingness

to sit and be deposed.  (*Id.* ¶ 5.)  After moving for and being granted more time to

complete discovery, Plaintiffs noticed the Defendants' depositions for August 9 and 10.

(*Id.* Ex. C.)  No Defendant appeared for his or her deposition.  (*Id.* at ¶¶ 8-9.)  Local

defense counsel informed Plaintiffs that it had been unable to contact Defendants and it

was not authorized to appear at the noticed depositions. (*Id.* at ¶ 8.) Plaintiffs now renew their Motion for Entry of Default Judgment. (Docket No. 63.)

## III.    DISCUSSION

Plaintiffs request an entry of default judgment as a sanction for Defendants' failure to sit for their noticed depositions. Federal Rule of Civil Procedure 37 permits courts, on a motion by the aggrieved party, to order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). The available sanctions include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(a)(vi). "Default judgment is appropriate where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)).

This is such a case. Defendants have made discovery difficult at best. They initially failed to respond to the Complaint, but eventually requested the court vacate Plaintiffs' already-entered default judgment and filed an Answer more than six months after being served with the Complaint. (Docket No. 20.) After Plaintiffs granted a request for extra time to respond to interrogatories, Defendants first said they would respond in a few days, then said they would respond after a few more days, and finally told Plaintiffs that they intended not to defend this litigation. (Docket No. 34 ¶¶ 6-11; *see also id.* Exs. A, C.) Defendants then filed an *ex parte* motion requesting extension of discovery deadlines, but became unreachable either directly or through their Canadian

4

counsel.  (*Id.* ¶ 12; *see also* Docket No. 30.)  After Plaintiffs filed a second Motion for

Default Judgment (Docket No. 38), Defendants served deficient responses to discovery

requests.  (*See* Docket No. 50 at 5.)  Even though it was not sufficient to warrant entry of

judgment at that time, this Court found Defendants' "delinquent production of

information responsive to Plaintiffs' discovery request [to be] an inexcusable violation of

the Federal Rules of Civil Procedure."  *Id.*  In adopting this Court's recommendation to

deny entry of default and compel production of discovery, Chief Judge Davis explicitly

warned Defendants that "any future violation of *any* court order or applicable rule in this

matter *will* result in entry of default, and/or any other sanction, that the court deems

appropriate."  (Docket No. 53) (emphasis added).

        As part of complying with Chief Judge Davis's Order, Defendants represented to

this Court that they were willing to sit and be deposed.  The Court granted Plaintiffs

additional time to complete discovery in light of this development, but when time came

to hold the scheduled and noticed depositions, Defendants did not appear.[1]  Indeed, they

failed even to notify Plaintiffs' counsel that they would not be appearing.  Plaintiffs have

expended considerable time and resources in efforts to obtain discovery that the Rules

and this Court have deemed appropriate.  Defendants, having been warned of the likely

result of violating court orders or applicable Rules, have now failed to sit for a duly

noticed deposition in violation of Rule 37(d).  Based on the record before the Court,

---

[1] According to Defendants' Minnesota counsel, they have been unable to reach or communicate
with their clients for several months.  Counsel has filed a Motion for Leave to Withdraw, which
is pending before this Court.  (Docket No. 59).

especially in light of Chief Judge Davis's warning, and this most recent violation, the

relief that Plaintiffs request is appropriate.

## IV.    RECOMMENDATION

Based on the foregoing, and the files, memoranda, and oral arguments of counsel,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion for Entry of Default Judgment (Docket No. 63) be

   **GRANTED**; and

2. the Court award to Plaintiffs attorneys' fees and costs incurred in preparing for

   the depositions and the preparation and filing of this Motion.


Date:  October 9, 2012                              s/ *Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge

                                              *BBY Solutions, Inc., et al. v. Karrie-Lee Karreman, et al.*
                                              File No. 10-cv-4726 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court and by serving upon all parties written objections that

specifically identify the portions of the Report to which objections are made and the basis

of each objection.  This Report and Recommendation does not constitute an order or

judgment from the District Court and it is therefore not directly appealable to the Circuit

Court of Appeals.  Written objections must be filed with the Court before **October 24,**

**2012.**