# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BBY SOLUTIONS, INC., BEST BUY STORES L.P., and BESTBUY.COM, <br><br> Plaintiffs, <br><br> v. <br><br> KARRIE-LEE KARREMAN, ELISE MADELEINE PITRE, STEWART FOTHERINGHAM, and 2182773 ONTARIO, INC., <br><br> Defendants. | CIVIL NO. 10-4726 (MJD/TNL) <br><br><br> **REPORT & RECOMMENDATION** |

    This matter is before the Court, Magistrate Judge Tony N. Leung, on Plaintiffs' second Motion for Entry of Judgment. (ECF No. 74.) This action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.2(B). (*See* ECF No. 80.) For the reasons that follow, this Court will recommend that Plaintiffs' Motion for Entry of Default Judgment be granted.

## I.    BACKGROUND

    On November 23, 2010, BBY Solutions, Inc., Best Buy Stores, L.P., and Bestbuy.com, LLC (collectively, "Plaintiffs") filed a Complaint against Karrie-Lee Karreman, Elise Madeleine Pitre, Stewart Fotheringham, and 2182273 Ontario, Inc. (collectively, "Defendants"). (*See* ECF No. 1.) Plaintiffs have alleged claims of trademark infringement, unfair competition, false advertising, trademark dilution, trademark counterfeiting, cybersquatting, deceptive trade practices, common trademark

1

infringement, unfair competition and "passing off," tortious interference, and unjust enrichment. These claims are based on Plaintiffs' claim that Defendants used Best Buy's trademarks and the promise of "free" gift cards to lure customers into providing sensitive personal information on websites operated by Defendants. (*Id.*)

On March 28, 2011, Plaintiffs applied for and obtained Clerk's Entry of Default. (*See* ECF Nos. 5-9.) Based upon the parties' stipulation, the Clerk's Entry of Default was set aside by Order dated June 2, 2011. (*See* ECF Nos. 18, 19.) On August 24, 2011, Plaintiffs served the Defendants with its First Set of Interrogatories and First Set of Requests for Production. (ECF No. 34, Kurtz Decl. ¶ 5.) On September 15, 2011, Defendants requested a two week extension to respond to the discovery requests. (*Id.* at ¶ 6.) This request was granted. Thereafter, counsel for Plaintiffs contacted counsel for Defendants on October 18, 2011, October 25, 2011, and October 31, 2011, inquiring about the late responses. (*Id.* at ¶¶ 7-9.) On October 31, 2011, counsel for Plaintiffs was informed by local counsel that Defendants would not be defending themselves in this action on advice from their Canadian counsel. (*Id.* at ¶ 9.) This statement was confirmed on November 4, 2011. (*Id.* at ¶ 10.)

On January 17, 2012, Plaintiffs filed a Motion Under Rule 37(B)(2)(A)(vi) for Entry of Default Judgment Against Defendants or In the Alternative Motion to Compel Discovery. (ECF Nos. 31, 38.) In reviewing the files, this Court found that Defendants' "delinquent production of information responsive to Plaintiffs' discovery requests [was] an inexcusable violation of the Federal Rules of Civil Procedure," but provided Defendants an opportunity to avoid a default judgment and to litigate this case on its

merits. (*See* ECF No. 50 at 5.) On this Court's recommendation, Chief District Judge Michael J. Davis denied the Motion for Entry of Default Judgment, but warned that "any future violation of any court order or applicable rule in this matter will result in an entry of default, and/or any other sanction, that the court deems appropriate." (ECF No. 53 at 2-3; *see also* ECF No. 50 at 7.) Chief Judge Davis also granted Plaintiffs' Motion to Compel, directing Defendants to respond to Plaintiffs' interrogatories and requests for production. (ECF No. 53 at 2.)

Defendants supplemented their discovery responses on April 20, 2012. (ECF No. 66, Kurtz Decl. ¶ 2.) They also represented to Plaintiffs and this Court a willingness to sit and be deposed. (*Id.* ¶ 5.) After moving for and being granted more time to complete discovery, Plaintiffs noticed the Defendants' depositions for August 9 and 10. (*Id.* Ex. C.) No Defendant appeared for his or her deposition. (*Id.* at ¶¶ 8-9.) Local defense counsel informed Plaintiffs that it had been unable to contact Defendants and it was not authorized to appear at the noticed depositions. (*Id.* at ¶ 8.)

Plaintiffs obtained default judgment against Defendants (ECF Nos. 72, 73) and now move for entry of judgment (1) finding Defendants liable under each count of the Complaint; (2) enjoining Defendants and all those acting in concert with them from further and continued false advertising, infringement and dilution of Best Buy's federally registered trademarks; (3) awarding Best Buy statutory damages in the amount of $25,000 pursuant to 15 U.S.C. § 1125(d); (4) awarding Best Buy $10,383.35 in fees and costs incurred by Best Buy in connection with its motion for default and depositions for which Defendants failed to appear, as previously granted under Chief Judge Davis's

3

October 26, 2012 Order; and (5) awarding Best buy additional attorneys' fees and costs in the amount of $48,934.89. Plaintiffs filed a Certificate of Service showing that they caused copies of the Notice of Hearing to be served at all addresses known to be used by Defendants. (ECF No. 83-1.) The Court held a hearing on June 27, 2013 on the instant Motion; no appearance was made on part of Defendants. (ECF No. 84.)

## II. FINDINGS OF FACT

1. The Summons and Complaint were filed with the Court on November 23, 2010. The service was accomplished upon Defendants on December 23, 2010, and December 29, 2010.

2. Defendants failed to appear at duly noticed depositions in August 2012.

3. Plaintiffs filed and served a Second Motion for Default Judgment on August 24, 2012. Chief Judge Davis adopted this Court's Report and Recommendation and entered default judgment against Defendants on October 26, 2012. In the same Order, Chief Judge Davis also awarded Plaintiffs attorneys' fees and costs incurred in preparing for the depositions and the preparation and filing of their Second Motion for Default Judgment.

4. This Motion for Entry of Judgment seeks to set an amount of attorneys' fees and costs that Plaintiffs incurred preparing for the August 2012 depositions, preparing and filing their Second Motion for Default Judgment, and statutory damages and attorneys' fees and costs arising from the claims on which Defendants defaulted.

5. As a result of the default, Defendants are liable for: infringement of Best Buy's federally registered BEST BUY Marks in violation of Section 32 of the Lanham

Act, 15 U.S.C. § 1115(1); unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution of federal trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44; trademark infringement; unfair competition and passing off; tortious interference; and unjust enrichment.

6. Plaintiffs' counsel incurred reasonable fees and costs totaling $10,383.35 in connection with preparation of Plaintiffs' second Motion for Entry of Judgment and preparation for the August 2012 depositions. Plaintiffs' counsel has incurred $48,934.89 in reasonable legal fees and costs in connection with this litigation.

### III. CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Entry of Judgment in addition to the October 26, 2012 Judgment. This default has the effect of admitting all factual allegations contained in the Complaint. *See McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997).

2. Plaintiffs are entitled to a permanent injunction preventing Defendants from future false advertising and infringement of Plaintiffs' trademark rights.

3. Plaintiffs are entitled to statutory damages under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1117(d), of not less than $1,000 and not more than $100,000 as the Court finds just.

5

4.      Plaintiffs are entitled to $10,383.35 in reasonable fees and costs already awarded by the Court in Chief Judge Davis's October 26, 2012 Order.

5.      Plaintiffs are entitled to reasonable attorneys' fees, pursuant to Minnesota's Deceptive Trade practices Act, Minn. Stat. § 325D.44 *et seq.*, because Defendants willfully engaged in conduct that they knew infringed on Plaintiffs' marks.

**IV.    RECOMMENDATION**

Based on the foregoing, and the files, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that judgment be entered against Defendants as follows:

1. Defendants be found liable under each count of the Complaint;

2. Defendants and all those acting in concert with them be enjoined from further false advertising, infringement and dilution of Plaintiffs' federally registered trademarks;

3. Plaintiffs be awarded damages pursuant to 15 U.S.C. § 1125(d) in the amount of $25,000.00;

4. Plaintiffs be awarded $10,383.35 in reasonable fees and costs incurred in connection with Plaintiffs' Motion for default and depositions for which Defendants failed to appear; and

5. Plaintiffs be awarded reasonable attorneys' fees and costs in the amount of $48,934.89.

Date: August 6, 2013

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge

*BBY Solutions, Inc., et al. v. Karrie-Lee Karreman, et al.*
File No. 10-cv-4726 (MJD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 21, 2013.**